UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARLON ORELLANA BOLANOS,

Petitioner,

v.

JOHNSON et al.,

Respondents.

Case No. 5:26-cv-02059-MCS-SP
ADELANTO

**ORDER RE: REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE (ECF NO. 18)**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, (Pet., ECF No. 1), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge, ("R. & R.," ECF No. 18). No objections to the Report and Recommendation have been filed. The Court accepts the report, findings, and recommendations of the Magistrate Judge, except with respect to the recommended relief, on which the Court respectfully disagrees in part with the Magistrate Judge.

The Magistrate Judge recommends that Respondents be ordered "to immediately release petitioner Marlon Orellana Bolanos (A# 209-874-838) from immigration custody, and return any confiscated property and documents to petitioner upon his release." (R&R 10.) The Court agrees with the Magistrate Judge that an order of release is appropriate here based on the facts and nature of the constitutional violation.

1

In addition to release from custody and relief attendant thereto, the Magistrate Judge recommends that the Court enjoin "respondents from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that petitioner presents a flight risk or a danger to the community." (*Id.*) But the facts and law presented in the petition pertain to Petitioner's claims that Respondents wrongfully detained him; they have no bearing on Respondents' handling of Petitioner *after* his release from present custody. (*See* Pet. ¶¶ 39–50, 98–103.) The Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner is released. *See, e.g.*, *Baca Garcia v. Warden*, No. 2:26-cv-00998-CAS-JDE, 2026 U.S. Dist. LEXIS 35758, at *6–7 (C.D. Cal. Feb. 20, 2026) ("[T]he fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. Petitioner does not demonstrate that his re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record." (citation omitted)); *Mora Gutierrez v. Noem*, No. 26-cv-112-RSH-JLB, 2026 U.S. Dist. LEXIS 9272, at *4–5 (S.D. Cal. Jan. 16, 2026) (declining to issue "a permanent injunction regulating the terms under which Petitioner may be detained in the future" because such an injunction would "exceed[] the scope of relief available to Petitioner on his habeas petition").

///

2

IT IS THEREFORE ORDERED that Judgment be entered granting the Petition. Respondents shall immediately release Petitioner Marlon Orellana Bolanos (A# 209-874-838) and return any confiscated property and documents to him upon his release.

**IT IS SO ORDERED.**

 Dated: July 13, 2026

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

CC: Adelanto Detention Center via Email